WELLS, J.,
dissenting.
I dissent because this Court does not have jurisdiction to “suspend” a provision of a lawfully enacted statute or to mandate *193 that evidence which is described in the statute be maintained beyond the period the statute specifically states that the evidence is to be maintained. The majority does not state the constitutional basis for this extraordinary power.
The emergency petition filed by the Florida Criminal Procedure Rules Committee for an amendment to the Florida Rules of Criminal Procedure seeks only to amend rule 3.853. The petition does not seek a suspension of the statute, nor does it contend that this Court has the authority to suspend the statute or to mandate anything in respect to it.
The emergency petition to invoke “all writs” jurisdiction filed by the three individuals, the Florida Innocence Project, and the Florida Innocence Initiative does contend that this Court has jurisdiction to enter a “stay to preserve the status quo” based upon this Court’s all-writs jurisdiction set forth in article V, section 3(b)(7) of the Florida Constitution. The petition further contends that the jurisdiction for this petition is based upon this Court’s power to issue a “writ of mandamus Article V, Section 3(b)(7),” citing to Allen v. Butterworth, 756 So.2d 52, 55 (Fla.2000). These petitioners do not contend that this Court can stay the operation of a lawfully enacted statute on the basis of a writ of mandamus. Neither do they cite to any case authority for such a stay. Rather, these petitioners claim that Allen provides authority for this Court to use a writ of mandamus as a vehicle for reaching the constitutionality of the statute.
I cannot agree that “all writs” provides authority for this Court to stay the operation of a statute in an original action filed in this Court. Noticeably absent from article V, section 3(b), enumerating this Court’s powers, is the power to grant a “writ of injunction.” The power to issue injunctions is expressly given to circuit courts by article V, section 20(c)(3), and section 26.012, Florida Statutes (2002).
I recognize that the 1932 decision of Paramount Enterprises, Inc. v. Mitchell, 104 Fla. 407, 140 So. 328, 330 (1932), states that even though this Court did not have original jurisdiction of a writ of injunction, “it is empowered to and may issue injunc-tive or other writs essential to a complete exercise of its jurisdiction.” But I also recognize that in this 1932 case, this Court put strenuous conditions on the exercise of that power. These conditions have clearly not been met or even alleged here. Moreover, and importantly, article V of the Florida Constitution, enumerating judicial authority and each court’s jurisdiction, has been amended with approval of the voters since 1932 and has not included the writ of injunction in the Supreme Court’s jurisdiction. This writ was only included within the jurisdiction of the circuit courts.
Furthermore, “all writs” is not a proper basis for jurisdiction of the individual petitions and the Innocence Project’s original action. All writs is a unique writ only to be used to protect this Court’s otherwise existing jurisdiction. This Court has not allowed all writs to be used as an independent basis for an original action. Besoner v. Crawford, 357 So.2d 414 (Fla.1978). The specific language of article V, section 3(b)(7), supports this Court’s precedent in that it states “all writs necessary to complete exercise of its jurisdiction,” which plainly indicates that the original jurisdiction must be through some other basis.
I likewise do not find a basis for original jurisdiction through mandamus. These petitioners rely upon Allen; however, it must be noted that in that case we said that “ordinarily the initial challenge to the constitutionality of a statute should be made before a trial court.” Allen, 756 So.2d at 54-55. That case was allowed to proceed as an original action only because *194 it involved postconviction proceedings in capital cases over which this Court has unique constitutional jurisdiction. We held that the “functions of government would be adversely affected without an immediate determination” and pointed directly to the “large number of [capital] cases pending in this Court and at various stages in the trial courts throughout the state.” Id. at 55. The procedures which were the basis for jurisdiction in that case notably applied to “pending cases.” That is not true in respect to the present petition, which only seeks to have this Court hold unconstitutional a period of limitation for cases yet to be filed. This case does not involve substantial functions of government but, rather, individual defendants. Additionally, mandamus is not available here because there is no assertion that what is being sought is the enforcement of a clear legal right or the other necessary requirements for a mandamus.
The proper procedure for these petitions is to file actions in the circuit courts to test the constitutionality of section 925.11, Florida Statutes (2002). This is what was contemplated when we adopted the rule. See Amendment to Fla. Rules of Crim. Pro. Creating Rule 3.853 (DNA Testing), 807 So.2d 633 (Fla.2001). A significant part of the problem which is now being presented in this original action is that no action was filed until the middle of September 2008 to avoid an October 1, 2003, deadline.
But rather than look to the courts, these petitioners should attempt to persuade the Legislature to amend its statute. I want to clearly state that I believe that the Legislature did a great service in the furtherance of justice by adopting section 925.11, Florida Statutes. I believe that it is in the interest of justice for the Legislature to seriously consider extending the October 1, 2003, deadline, but this extension is only for the Legislature to consider. Then, if the Legislature does extend the time, it can appropriate the necessary funds for the DNA tests. The lawyers for the defendants need to be authorized and paid by funds appropriated by the Legislature so that relief may then be pursued based upon those tests. Because this Court is assuming power over what has been provided by the Legislature, I am concerned that the carrying out of these tests and paying for these proceedings will be frustrated.
Finally, I dissent from this Court’s suspension of this rule and the statute indefinitely. If this Court is going to assume jurisdiction in this process, I believe all interested parties, including the Legislature, should be advised as to how long they can expect this Court to enjoin the operation of the statute and at the same time require performance by governmental entities in respect to it.
CANTERO and BELL, JJ., concur.